## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES C. SCOTT, JR.,
               Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
               Agency.

DOCKET NUMBER
DA-0845-16-0534-I-1

DATE: May 25, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James C. Scott, Jr., San Antonio, Texas, pro se.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM), finding that OPM correctly determined the existence and amount of the overpayment and that the appellant failed to establish his entitlement to waiver of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

collection of the overpayment. In his petition, the appellant argues that he is entitled to waiver of collection of the overpayment because he was unable to inform OPM that he was receiving Social Security disability payments because from 2007 to 2013 he was severely ill.[2] He also reiterates his contention made below that "his rights were discriminated" due to his disability. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find the appellant at fault in receipt of the overpayment, we AFFIRM the initial decision.

¶2      In her initial decision, the administrative judge found the appellant was not entitled to waiver of recovery of the overpayment because he had received letters from OPM that clearly explained his obligation to set aside the Social Security disability checks that he received so that he would be able to repay the overpayment that would be created during the period that he received both Federal Employees' Retirement System and Social Security disability benefit payments. Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 11; IAF,

---

[2] The appellant does not assert, and we do not find, any error in the administrative judge's finding that OPM correctly determined the existence and amount of the annuity overpayment.

Tab 12 at 33, 60, 83. She did not credit the appellant's testimony that he had no knowledge about setting aside funds and that OPM never notified him that he was responsible for any overpayment. ID at 10-11. Nor did she credit the appellant's testimony that he was incapacitated in 2007 when he retired and thus was unable to handle his affairs with OPM, given that the record shows that he filed an application for Social Security benefits in late 2006. *Id.* The Board will defer to the credibility findings of the administrative judge and will not grant a petition for review based on a mere disagreement with those findings. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997).

¶3        Although the administrative judge concluded that the appellant knew that the receipt of Social Security disability benefits would trigger an overpayment, she found that he was without fault in the overpayment, crediting his testimony that he began receiving Social Security disability benefits in 2010 and notified OPM in 2010 via telephone of the same. ID at 5, 10-11; Hearing Record (HR) (testimony of the appellant). However, on review, the appellant states that he started receiving Social Security disability benefits in November 2007. Petition for Review File, Tab 1 at 2. His assertion is supported by the documentation in the record, which includes a payment history listing November 2007, as the first payment for Social Security disability benefits. IAF, Tab 12 at 18-19.

¶4        OPM's "Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees' Retirement System" (Guidelines) provide that an individual is not without fault if he accepted a payment that he "should have known to be erroneous." IAF, Tab 12 at 113. However, OPM's Guidelines also provide an exception to this rule, i.e., the Prompt Notification Exception, which states that an individual "will automatically be found without fault, regardless of whether they knew or should have known that the payment was erroneous, if they promptly contact OPM and question the correctness of the overpayment." *Id.* at 114. Prompt notification is defined as within 60 days of receipt of the overpayment. *Id.* As set forth above,

the administrative judge found that the appellant knew that the Social Security disability benefits would trigger an overpayment. ID at 10-11. Because we discern no basis for disturbing that finding and the appellant did not promptly contact OPM within 60 days of his receipt of such benefits, he is considered at fault under OPM's guidance. IAF, Tab 12 at 33, 60, 113-14; HR (testimony of the appellant). However, because the administrative judge affirmed OPM's decision finding that the appellant was not entitled to a waiver of the overpayment, the finding of fault has no impact on the outcome of this case.

¶5      Although the administrative judge properly found that the appellant provided no evidence to support his disability discrimination claim, ID at 2 n.2, it appears from the appellant's assertions on review that he may not be alleging disability discrimination but rather asserting that recovery of the overpayment would be unconscionable given his work-related disability. The appellant's claim is without merit because, as the administrative judge correctly found, the appellant failed to show that recovery of the overpayment was unconscionable.

¶6      Accordingly, we affirm the initial decision.[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[3] OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from the appellant's estate or other responsible party. A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other person acting as the representative of the estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate. *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[5]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
_____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.